THE STATE OF OHIO, APPELLEE, *v.* PRESLER, APPELLANT.

(No. 186—Decided March 17, 1960.)

*Mr. Forrest H. Bacon*, prosecuting attorney, for appellee.
*Mr. Roy Warren Roof*, for appellant.

GUERNSEY, J.   Omitting the formal parts thereof, defendant was indicted as follows:

"* * * in the night season, maliciously and forcibly broke and entered the *Carey Farmer's Coop*, of Carey, Ohio, with intent to steal money of the value of $9.00 and two pr. of gloves of the value of $3.00 making a total value of $12.00, the property of Carey Farmer's Coop., and contrary to Section 2907.10 of the Revised Code of Ohio."   (Emphasis added.)

Defendant pleaded not guilty to this indictment, and, although there has not been filed a bill of exceptions to specifically show what occurred at the trial, defendant claims, and it is acknowledged by the state, that after the jury was sworn and before any evidence was submitted, the state moved the court to amend the indictment by the insertion of the words, "the building of," between the words "entered" and "the," and the trial court granted the motion.

The journal entry of judgment recites that the state made its opening statement, introduced evidence, and made closing argument, but that the defendant waived opening statement, the offering of evidence in his behalf, and closing argument.   The jury found the defendant guilty, and he was sentenced to from one to fifteen years in the Ohio State Reformatory.   A motion for new trial was timely filed and overruled.

Defendant, appellant herein, claims error in three particulars, each of which goes to the sufficiency of the indictment and the authority of the trial court to amend the same.

The issue then before this court is whether the indictment was originally sufficient; if not, whether the trial court could amend it in the manner claimed; and, if not, whether the insufficiency of the indictment could be taken advantage of at any state of the proceedings.

Section 2907.10, Revised Code, provides as follows:

"No person shall in the night season maliciously and forcibly break and enter, or attempt to break and enter an uninhabited dwelling house, or a kitchen, smokehouse, shop, office,

storehouse, warehouse, malthouse, stillhouse, mill, pottery, factory, watercraft, schoolhouse, church, meeting house, barn, stable, railway car, car factory, station house, hall, or other building, or attempt to break and enter an inhabited dwelling house with intent to steal property of any value, or with intent to commit a felony.

"Whoever violates this section shall be imprisoned not less than one nor more than fifteen years."

In the opinion of this court, the indictment as originally drawn was insufficient to state an offense under the laws of Ohio. The words, "Carey Farmer's Coop," at best, merely state the firm name of a business entity. A business entity may or may not own or possess structures which would constitute "buildings" as contemplated by the statute above quoted, and may own or possess many things which could be broken and entered but would definitely not constitute buildings. Thus, can it be said that a building has been entered when the mere allegation of the indictment is that a named person in the night season, maliciously and forcibly broke and entered the Pennsylvania Railroad Company, or American Airlines, or Alleghany Mining Co., or, Carey Farmer's Coop. For all that appears from the original indictment the defendant may have broken into and entered an automobile, a truck, or the tool box on an implement owned by the Carey Farmer's Coop.

The indictment, as originally drawn, not stating one of the material elements of the offense defined by Section 2907.10, Revised Code, it did not state an offense at all. Such omission was fatal to the validity of the indictment, and the curative provisions of Sections 2941.29 and 2941.30, Revised Code, would not operate to permit the trial court to amend the indictment in the manner in which same was here done. *State* v. *Cimpritz*, 158 Ohio St., 490.

The defendant, therefore, not ever being charged with any offense cognizable under the laws of the state of Ohio, the court had no jurisdiction of the subject matter, and the lack of such jurisdiction may be successfully raised at any time. The fact that defendant entered a plea to the indictment as originally drawn did not bestow jurisdiction on the trial court, for defendant's plea, in legal effect, was "not guilty" of "nothing."

440

We are fully aware of the fact that the defendant, or his counsel, has been dilatory and has not complied with the rules of this court as to the time within which to file his brief and his assignments of error, and, as hereinbefore mentioned, that he has not filed any bill of exceptions. This delay is not a matter which this court does in any way condone, but since the error claimed by the defendant can be and has been demonstrated without the benefit of a bill of exceptions, and since the error claimed and found is jurisdictional, it would not be in the interests of justice for this court to dismiss this appeal; and the court will therefore waive the time requirements for the filing of the brief and assignments of error. For these reasons the state's motion to dismiss the appeal is overruled.

For the error of the trial court hereinbefore mentioned, the judgment of conviction and sentence is reversed and this court, entering the judgment the trial court should have rendered, finds for the defendant at the costs of the state.

*Judgment reversed.*

YOUNGER, P. J., and MIDDLETON, J., concur.