DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Robert L. Hayes, appeals from his conviction and sentence entered by the Lucas County Court of Common Pleas in the above-captioned case. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On December 16, 2005, appellant was indicted on one count of escape pursuant to R.C. 2921.34, a felony of the third degree, and one of theft, a felony of the *Page 2 
fifth degree. These charges stemmed from an allegation by the state that appellant abandoned the constraints of his electronic monitoring sentence by leaving his home without permission and by taking with him the ankle bracelet component of the monitoring system.
 {¶ 3} On January 30, 2006, appellant withdrew his former pleas of not guilty and entered a plea of no contest to the charge of escape. The state dismissed the charge of theft.
 {¶ 4} Prior to accepting the plea, the trial court questioned appellant concerning his knowledge and understanding of his Civ.R. 11 rights. During this questioning, the trial court informed appellant that by pleading no contest, he was subjecting himself to a potential sentence of imprisonment and that such sentence "could be consecutive to any other sentence * * *, or could be concurrent, meaning it could be in addition to or could run simultaneously with, we don't know which way that will happen."
 {¶ 5} On February 9, 2006, appellant appeared before the trial court for sentencing in this case, having just been sentenced to 29 months in prison in connection with charges in two unrelated cases, to wit, one charge of failure to notify, a felony of the fourth degree, in Case No. CR200501743, and one charge of attempted sexual battery, a felony of the fourth degree, in Case No. CR200202713.
 {¶ 6} It is important to note that at the time appellant escaped from electronic monitoring, he was serving a sentence under Case No. CR200202713. In addition, *Page 3 
appellant was charged with the failure to notify, in Case No. CR200501743, for an offense which occurred while he was an escapee from electronic monitoring.
 {¶ 7} Prior to the imposition of sentence, appellant, through his counsel, specifically requested that any prison time that might be imposed be ordered to run concurrently with the prison time he had already received. Following this request, the trial court asked the prosecutor, "Does the State have any comments on whether any sentence should run concurrent or consecutive?" The prosecutor responded, "Judge, I believe they have to run consecutive by statute. I can't cite it to you but I do believe that escapes are consecutive, but I believe that it probably fits. I am a little unclear about the — this is a different charge than the one he's been sentenced on, though, it was failure to verify and a sex case, Judge Franks." This statement provided by the prosecutor at appellant's sentencing hearing was the first time during the entire proceedings that any mention was made of the fact that a concurrent sentence was not an option for appellant.
 {¶ 8} After the prosecutor made his statement regarding a mandatory consecutive sentence, the trial court properly informed appellant that there was neither a presumption nor a guideline for incarceration in this case.
 {¶ 9} Finally, after listening to appellant's statement regarding mitigation, the trial court ordered appellant to serve a term of two years imprisonment to be served consecutively to the appellant's previously imposed 29-month prison sentence. When ordering the consecutive terms, the trial court specifically based its consecutive sentence on judicial findings of fact pursuant to R.C. 2929.14(E)(4). *Page 4 
 {¶ 10} Appellant timely appealed his conviction and sentence, raising the following assignments of error:
 {¶ 11} I. "THE DEFENDANT-APPELLANT'S PLEA OF NO CONTEST TO THE CHARGE OF ESCAPE WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED INTO, PURSUANT TO CRIM.R. 11, BECAUSE THE TRIAL COURT FAILED TO INFORM APPELLANT THAT HE WAS NOT ELIGIBLE FOR COMMUNITY CONTROL OR THAT HE WAS SUBJECT TO A MANDATORY, CONSECUTIVE PRISON TERM PURSUANT TO R.C. 2929.14(E)(2)."
 {¶ 12} II. "THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES UPON THE DEFENDANT-APPELLANT, BASED UPON FACTS NOT WITHIN THE JURY VERDICT OR ADMITTED BY THE DEFENDANT-APPELLANT, PURSUANT TO R.C.2929.14(E)(4). RELIANCE ON SAID STATUTE VIOLATED DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS PURSUANT TO THE OHIO SUPREME COURT'S RULING INSTATE V. FOSTER, 109 OHIO ST.3D 1."
 {¶ 13} We begin with appellant's first assignment of error, wherein he argues that his no contest plea was not knowing and voluntary, because the trial court failed to inform him that he was ineligible for community control and that he was subject to a mandatory, consecutive prison term pursuant to R.C. 2929.14(E)(2). *Page 5 
 {¶ 14} In reviewing the validity of a plea of no contest, an appellate court focuses on whether the requirements of Crim.R. 11 were followed by the trial court and whether the defendant voluntarily and knowingly waived his constitutional rights. State v. Kelley (1991),57 Ohio St.3d 127, 128-129.
 {¶ 15} Crim.R. 11 pertinently provides:
 {¶ 16} "(C) Pleas of guilty and no contest in felony cases
 {¶ 17} "* * *
 {¶ 18} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 19} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 20} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 21} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a *Page 6 
reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 22} The Supreme Court of Ohio stated in State v. Stewart (1977), 51 Ohio St.2d 86, that "although it can validly be argued that the trial court should adhere scrupulously to the provisions of Crim.R. 11(C)(2) * * *, there must be some showing of prejudicial effect before a guilty plea may be vacated." Id., at 93. The test for determining prejudice is whether the plea would otherwise have been made. State v. Nero (1990),56 Ohio St.3d 106, 108.
 {¶ 23} R.C. 2929.14(E)(2) governs mandatory consecutive sentences, and pertinently provides:
 {¶ 24} "If an offender who is an inmate in a jail, prison, or other residential detention facility violates section * * * 2921.34 * * * of the Revised Code, * * or if an offender who is an inmate in a jail, prison, or other residential detention facility or is under detention at a detention facility commits another felony while the offender is an escapee in violation of section 2921.34 of the Revised Code,any prison term imposed upon the offender for one of those violations shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender." (Emphasis added.)
 {¶ 25} Appellant incorrectly interprets R.C. 2929.14(E)(2) as providing that a prison sentence must be imposed, when, in fact, it provides only that if a prison sentence *Page 7 
is imposed, it must be served consecutively to the term the offender was serving when he committed the offense and to any other prison term previously or subsequently imposed upon him. Id.
 {¶ 26} Because the trial court did incorrectly suggest, to appellant's prejudice, that a concurrent sentence was an option in this case, we conclude that the plea was invalid. See, State v. Ricks (1977),53 Ohio App.2d 244 (holding that a defendant's understanding of the maximum penalty involved should include information as to whether the defendant is eligible for consecutive or concurrent sentences.) Accordingly, appellant's first assignment of error is found well taken.
 {¶ 27} Appellant argues in his second assignment of error that his sentence is unconstitutional pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, supra, the Supreme Court of Ohio held that certain sections of Ohio's felony sentencing scheme, in particular those which involved judicial fact-finding, were unconstitutional. Among the sections affected by this decision was R.C. 2929.14(E), which relates to consecutive sentences. Id., at paragraph one of the syllabus. Because the trial court relied upon this formerly-mandated-but-now-declared-unconstitutional section, we are required to find appellant's second assignment of error well-taken and to remand this matter for resentencing.
 {¶ 28} For all of the foregoing reasons, appellant's assignments of error are both found well-taken. The judgment of the Lucas County Court of Common Pleas is reversed, and appellant's conviction and sentence are ordered vacated. The case is *Page 8 
remanded back to the trial court for additional proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1