OPINION
{¶ 1} Defendant-appellant, Randy Bragwell, appeals from a Mahoning County Common Pleas Court judgment convicting him of driving under the influence of alcohol with a repeat offender specification, following his guilty plea, and the resulting sentence.
 {¶ 2} On May 25, 2006, a Mahoning County grand jury indicted appellant on one count of driving under the influence of alcohol (DUI), a third-degree felony in violation of R.C. 4511.19(A)(2)(b)(G)(1)(e)(ii), along with a repeat offender specification pursuant to R.C. 2941.1413
and a vehicle forfeiture specification pursuant to R.C. 4503.234. Appellant entered pleas of not guilty to the charge and specifications. This was appellant's thirteenth DUI.
 {¶ 3} Appellant negotiated with plaintiff-appellee, the State of Ohio, and the parties reached a Crim. R. 11 plea agreement. Appellee agreed to drop the vehicle forfeiture specification and recommend a three-year sentence. In exchange, appellant agreed to plead guilty to the DUI charge and to the repeat offender specification.
 {¶ 4} The trial court conducted a Crim. R. 11 hearing, informing appellant of the rights he was waiving by pleading guilty. It then accepted his guilty plea. At a later sentencing hearing, the trial court sentenced appellant to three years for his DUI conviction and a mandatory term of three years for the repeat offender specification, to be served prior to and consecutive to the underlying DUI sentence, for a total of six years in prison. The court also ordered appellant to complete an alcohol and drug program, suspended appellant's driver's license for life, and ordered appellant to pay a mandatory fine of $5,000.
 {¶ 5} Appellant filed a timely notice of appeal on September 12, 2006.
 {¶ 6} Appellant raises three assignments of error, the first of which states:
 {¶ 7} "THE APPELLANT'S GUILTY PLEA, FINDING OF GUILT AND SENTENCE FOR THE REPEAT OFFENDER SPECIFICATION IN THE INDICTMENT IS VOID FOR LACK OF SUBJECT MATTER JURISDICTION AS THE SPECIFICATION FAILS TO CONTAIN THE MANDATORY LANGUAGE FOR *Page 2 
CONVICTION OF R.C. 2914.1413 [sic] AND MUST BE VACATED."
 {¶ 8} In appellant's indictment, the repeat offender specification reads:
 {¶ 9} "The Grand Jurors further find and specify that the offender had previously been convicted of or plead guilty to a violation of Section 4511.19 of the Revised Code, under circumstances in which the violation was a felony, contrary to and in violation of Section 2941.1413 of the Revised Code."
 {¶ 10} Appellant contends that this portion of his indictment is defective on its face because it fails to comply with the requirements set out in R.C. 2941.1413(A), which provides:
 {¶ 11} "Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses. The specification shall be stated at the end of the body of the indictment, count, or information and shall be stated in substantially the following form:
 {¶ 12} "`SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender, within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses).'"
 {¶ 13} Appellant argues that because his indictment does not contain the language indicated in R.C. 2941.1413(A), requiring that five previous offenses were committed within 20 years of the present offense, his indictment was defective. He points out that R.C. 2941.1413
specifically states that this language shall be included in the indictment. Appellant asserts that because this language was not included in his indictment, the indictment did not charge every element of the offense and is therefore void for lack of subject matter jurisdiction. *Page 3 
 {¶ 14} A defective indictment renders the charge voidable, not void.State v. Haley, (July 7, 1995), 2d Dist. Nos. 94-CA-89, 94-CA-108, 94-CA-109. The error does not deprive the trial court of subject matter jurisdiction and the error is generally "waived on appellate review when a timely objection before the trial court could have permitted [its] correction." Id. quoting City of Trotwood v. Wyatt (Jan. 21, 1993), 2d Dist. No. 13319; State v. Wade (1978), 53 Ohio St.2d 182,373 N.E.2d 1244, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3138,57 L.Ed.2d 1157. However, the defendant can still attack the indictment on direct appeal for failure to state one or more essential elements of the offense. State v. Keplinger, 12th Dist. No. CA2002-07-013, 2003-Ohio-3447, at ¶ 8.
 {¶ 15} Crim. R. 12(C)(2) provides generally that defenses and objections based on defects in the indictment shall be raised prior to trial. However, the rule also provides two exceptions: (1) when the indictment fails to show jurisdiction in the court and (2) when the indictment fails to charge an offense. Crim. R. 12(C)(2).
 {¶ 16} In cases such as the one at bar, a specification that has its own mandatory and additional prison term explicitly precludes a court from imposing that prison term without the disclosure of the elements of the specification in the indictment. Accordingly, where the indictment does not contain the required elements, the indictment fails to charge that part of the offense. Additionally, the trial court's sole source of authority for imposing the additional prison term is the statute. In this case, because the required elements are absent from the indictment, the trial court had no authority to impose the additional prison term.
 {¶ 17} Furthermore, the Ohio Supreme Court recently held: "When an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624, at the syllabus. Thus, where the indictment fails to charge a material element of the offense and the defendant fails to raise the defect in the trial court, the defendant has not waived the issue on appeal. And this court has previously held that the insufficiency of an *Page 4 
indictment on a conspiracy charge could be challenged on appeal even though the defendants in those cases did not raise the issue in the trial court when the indictment failed to charge the offense. State v.Moore, 161 Ohio App.3d 778, 2005-Ohio-3311; State v. Bundy, 7th Dist. No. 02-CA-211, 2005-Ohio-3310; State v. Bunch, 7th Dist. No. 02-CA-196,2005-Ohio-3309; all citing State v. Childs (2000), 88 Ohio St.3d 194,724 N.E.2d 781.
 {¶ 18} Thus, appellant did not waive his objection to the deficient indictment by failing to raise this issue in the trial court because, as will be discussed next, the indictment in this case likewise failed to charge the offense.
 {¶ 19} Appellant's indictment does not include two of the most important statutory requirements. First, the indictment does not mention the look-back period of 20 years. Second, it does not set out the threshold number of five or more prior offenses. R.C. 2941.1413 requires the indictment to allege that the defendant was convicted of or pleaded guilty to five or more DUI or equivalent offenses within 20 years of committing the present offense. R.C. 2941.1413 mandates that these statements, which are plainly absent in appellant's indictment, be included in the indictment.
 {¶ 20} Furthermore, the indictment stated that appellant was previously convicted of or pleaded guilty to a DUI under circumstances in which the violation was a felony. However, this is not the same as a violation of the repeat offender specification because a DUI can be a felony due to three or four violations in the past six years without being subject to the repeat offender specification. R.C. 4511.19(G)(1)(d). Thus, this statement was highly misleading.
 {¶ 21} Additionally, although appellant's indictment includes the proper citation to R.C. 2941.1413, this citation does not remedy the defects with the indictment. Crim. R. 7(B) provides separate requirements for listing the numerical designation and the essential elements of the offense. And Crim. R. 33(E)(1) provides that no conviction will be reversed in any court because of an "inaccuracy or imperfection in the indictment, * * * provided that the charge is sufficient to fairly andreasonably *Page 5 inform the defendant of all the essential elements of the charge againsthim." (Emphasis added.) Here, the indictment did not fairly and reasonably inform appellant of all of the essential elements of the charge against him.
 {¶ 22} Moreover, R.C. 2941.1413 specifically prohibits a trial court from sentencing a defendant to the mandatory additional prison term that accompanies the specification unless the indictment specifies that the offender, within 20 years of the offense, previously has been convicted of or pleaded guilty to five or more DUI or equivalent offenses. Based on this explicitly required statutory language, the trial court in this case never acquired the authority to sentence appellant to the additional mandatory prison term.
 {¶ 23} For all of these reasons, appellant's indictment is defective.
 {¶ 24} Accordingly, appellant's first assignment of error has merit.
 {¶ 25} Appellant's second assignment of error states:
 {¶ 26} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR CONVICTIONS FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL AND REPEAT OFFENDER SPECIFICATION WHERE APPELLANT WAS NOT INFORMED PRIOR TO HIS PLEA OF GUILTY THAT THESE PLEAS MANDATED CONSECUTIVE, MANDATORY TERMS OF INCARCERATION IN THE DEPARTMENT OF CORRECTIONS."
 {¶ 27} Here appellant argues that he did not enter his plea knowingly, voluntarily, and intelligently because the trial court did not inform him that by pleading guilty to DUI and the repeat offender specification he would automatically be sentenced to mandatory, consecutive sentences. Appellant contends that the trial court erroneously advised him that the court may impose prison time for the repeat offender specification. He also contends that this mistaken advice was also included in his written plea form. Appellant further contends that the three-year sentence recommended by appellee was inconsistent with R.C. 2929.13(G)(2).
 {¶ 28} Pursuant to Crim. R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a *Page 6 
guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim. R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. State v. Martinez, 7th Dist. No. 03-MA-196,2004-Ohio-6806, at ¶ 11, citing Boykin v. Alabama (1969), 395 U.S. 238,243, 89 S.Ct. 1709, 23 L.Ed.2d 274.
 {¶ 29} A trial court must strictly comply with Crim. R. 11(C)(2) pertaining to the waiver of federal constitutional rights.Martinez, 7th Dist. No. 03-MA-196, at ¶ 12. However, it need only substantially comply with Crim. R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." Id., citing Crim. R. 11(C)(2)(a)(b).
 {¶ 30} Firstly, appellant's plea cannot be said to have been knowingly and intelligently entered where the indictment failed to contain the statutorily-mandated language and where the court never explained the basic entailments of the specification to appellant at the plea hearing. While appellant may have generically answered that he understood the specification, the specification in the indictment only said that his prior conviction was a felony, not that he had five OVI convictions in the past twenty years.
 {¶ 31} Secondly, we will examine appellant's plea as it pertained to his sentence.
 {¶ 32} Since appellant asserts only that the trial court failed to inform him of the penalty he faced, we must determine whether the court substantially complied with Crim. R. 11(C)(2) in advising appellant of this information.
 {¶ 33} Appellant's DUI was a third-degree felony. The possible sentences for a third-degree felony are one, two, three, four, or five years. R.C. 2929.14(A)(3).
 {¶ 34} Additionally, the court sentenced appellant for the repeat offender specification pursuant to R.C. 4511.19(G)(1)(e)(ii), which provides in part: *Page 7 
 {¶ 35} "(e) An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree. The court shall sentence the offender to all of the following:
 {¶ 36} "* * *
 {¶ 37} "(ii) If the sentence is being imposed for a violation of * * * division (A)(2) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code * * *."
 {¶ 38} Furthermore, R.C. 2929.13(G)(2) provides in relevant part:
 {¶ 39} "If the offender is being sentenced for a third degree felony OVI offense * * * the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code[.] * * * The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense."
 {¶ 40} Thus, appellant was subject to a one-to-five-year prison term on his DUI conviction and he was also subject to a mandatory
one-to-five-year prison term on the repeat offender specification, to be served prior to and consecutive to his sentence on the underlying DUI.
 {¶ 41} Before accepting appellant's plea, the trial court advised him:
 {¶ 42} "Upon acceptance of your plea I can proceed to sentence you immediately, and upon acceptance of that plea you can be sentenced to a term in the penitentiary for anywhere from one to five years, whatever term the Court imposes is a mandatory term. You also have a repeat offender specification which means that the Court may impose prison time in addition to the mandatory term not *Page 8 
to exceed five more years. So it's possible you could do ten years on a five-year sentence because of the specification; do you understand that?" (Plea Tr. 6-7).
 {¶ 43} Later, the following colloquy took place:
 {¶ 44} "THE COURT: I'm going to place you in the penitentiary. For what time I don't know yet. Has any representation been made to you about what the sentence I impose will be? You can tell me what's up.
 {¶ 45} "THE DEFENDANT: Well-
 {¶ 46} "THE COURT: You have to speak loud and clear for me.
 {¶ 47} "THE DEFENDANT: I've talked to my lawyer and they recommended three years.
 {¶ 48} "THE COURT: State is recommending three years. They said that on the record. That doesn't mean I'll give you three years. I can give you five and on top of that with the specification I can give you five more. Now, nobody should have told you what I'm going to give you because I don't know what I'm going to give you.
 {¶ 49} "THE DEFENDANT: Yes, sir." (Tr. 10).
 {¶ 50} Thus, the trial court properly advised appellant that his maximum possible prison term was ten years. However, the court erroneously informed appellant that the court "may" impose up to five years for the repeat offender specification. And it erroneously informed his that it was mandatory that the court impose a one-to-five-year term on the underlying offense. Hence, the court confused the sentence for the underlying DUI with the sentence for the specification. It is the sentence for the specification, not the underlying DUI, which is mandatory. Additionally, the court neglected to inform appellant that he would have to serve the mandatory prison term prior to andconsecutive to the prison term on the underlying DUI.
 {¶ 51} In his signed plea form, the information regarding which prison term is mandatory was only partially correct. One page of the form properly identifies the one-to-five-year sentence on the specification as the mandatory sentence and further states that another term of up to five years is possible on the underlying DUI. *Page 9 
But on the very next page where only the charged offense, and not the specification, is listed it states that a prison term for the DUI is mandatory.
 {¶ 52} In other situations, this court and others have held that the trial court erred in not informing the defendant of a mandatory consequence of his guilty or no contest plea. For instance, in State v.Lamb, 156 Ohio App.3d 128, 804 N.E.2d 1027, 2004-Ohio-474, the Sixth District concluded that in order to substantially comply with Crim. R. 11(C)(2)(a), a trial court must advise a defendant of any mandatory post-release control period at the time of the defendant's plea. Additionally, in State v. Crosswhite, 8th Dist. Nos. 86345, 86346,2006-Ohio-1081, the Eighth District held that the trial court erred by informing the defendant that he "might" be released on post-release control when, in fact, the defendant was subject to a mandatory five years of post-release control. And in State v. Stamper (June 12, 1997), 7th Dist. No. 95-CA-73, this court held that the trial court's failure to advise the defendant that his no contest plea to a misdemeanor possession charge carried with it a mandatory driver's license suspension rendered the defendant's plea unknowing, unintelligent, and involuntary.
 {¶ 53} Likewise, in this case, the trial court failed to properly inform appellant of a mandatory consequence of his guilty plea. It neglected to inform him that the sentence on the specification, not on the underlying DUI, was mandatory.
 {¶ 54} In addition to misstating which sentence was mandatory, the court also did not mention to appellant that he would have to serve the two sentences consecutively.
 {¶ 55} The Ohio Supreme Court has held that the "[f]ailure to inform a defendant who pleads guilty to more than one offense that the courtmay order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim. R. 11(C)(2), and does not render the plea involuntary." (Emphasis added.) State v. Johnson (1988),40 Ohio St.3d 130, 532 N.E.2d 1295, at the syllabus. However, the Sixth District has held that when a trial court improperly suggests that a concurrent sentence is an option, when in fact the defendant must *Page 10 
serve the sentences consecutively, this renders a plea invalid.State v. Hayes, 6th Dist. No. L-06-1078, 2007-Ohio-2837.
 {¶ 56} In Johnson, the Ohio Supreme Court relied on the fact that Crim. R. 11(C)(2)(a) requires the trial court to explain before it accepts "the plea," "the nature of the charge and of the maximum penalty involved." Johnson, 40 Ohio St.3d at 133. It explained that because the Rule refers to the plea, the nature of the charge, and the maximum penalty in the singular, rather than the plural, it would be unreasonable to interpret the Rule as requiring an explanation of the total of all sentences resulting from the defendant's pleas in a single proceeding. Id. Additionally, the Court noted that "the decision of whether the criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter of sentencing discretion, the exercise of which is committed to the trial court." Id. at 133-34. It further stated that Crim. R. 11 has no relevance to the exercise of the trial court's sentencing discretion other than directing the court to proceed with or impose sentence. Id. at 134. Therefore, the Court concluded that because whether to impose consecutive sentences was a matter within the trial court's discretion, it need not be addressed at a plea hearing. Id.
 {¶ 57} Here the trial court did not simply fail to inform appellant that it might order him to serve his sentences consecutively. Instead it completely neglected to inform him that he was required to serve his sentences consecutively. Whether appellant was to serve his sentences consecutively or concurrently was not up to the trial court's discretion as was the case in Johnson, supra. R.C. 2929.13(G)(2) directs that the court impose a mandatory prison term for the repeat offender specification prior to and consecutive to the sentence on the underlying DUI. Unlike Johnson, in this case a mandatory, consecutive prison term was a guaranteed consequence of appellant's guilty plea.
 {¶ 58} For all of these reasons, we cannot conclude that the trial court substantially complied with Crim. R. 11(C)(2) in informing appellant of the consequences of his guilty plea. Appellant did not enter a knowing and intelligent *Page 11 
plea. Thus, we must vacate the plea. Accordingly, appellant's second assignment of error has merit.
 {¶ 59} Our resolution of appellant's first two assignments of error has rendered his third assignment of error moot. It states:
 {¶ 60} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN APPELLANT'S TRIAL COUNSEL FAILED TO OBJECT TO THE SUFFICIENCY OF THE PRIOR OFFENDER SPECIFICATION AND ASKED THE COURT TO FOLLOW APPELLEE'S SENTENCING RECOMMENDATION WHICH WAS STATUTORILY INCONSISTENT WITH REQUIREMENTS OF R.C. 2929.13(G)(2)."
 {¶ 61} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's plea is vacated and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.
Vukovich J., concurs.
 Waite J., concurs. *Page 1