JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Ezell Norman, appeals from his guilty pleas to drug trafficking, failure to comply, and tampering with evidence. He maintains that his pleas were not knowingly entered because the court failed to advise him that the sentence for failure to comply would have to be served consecutively to the other counts. He also complains that his overall sentence was grossly disproportionate to his conduct. We find no error and affirm.
 I {¶ 2} Norman first complains that he involuntarily entered his guilty plea for failure to comply because the court failed to advise him that any sentence imposed for the offense would have to be served consecutively to another prison term imposed on the other counts.
 A {¶ 3} Count 3 of the indictment charged Norman with failure to comply in violation of R.C. 2921.331(B), alleging that he unlawfully operated a motor vehicle so as to willfully elude or flee from a police officer after receiving a visible or audible signal from the officer to bring his motor vehicle to a stop. The count also contained a furthermore clause stating that while committing the offense, Norman was fleeing after the commission of a felony and/or his operation of the vehicle caused a substantial risk of serious physical harm to persons or property. During the plea proceedings, the state told the court that count 3 was a third *Page 4 
degree felony, meaning that under R.C. 2921.331(C)(5)(a)(ii), Norman agreed that his operation of the motor vehicle "caused a substantial risk of serious physical harm to persons or property."
 {¶ 4} Norman's guilty plea implicated R.C. 2921.331(D), which states: "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." At no point during the plea colloquy, however, did the court advise Norman that his sentence for failure to comply would have to be served consecutively to any other prison term imposed for the counts to which he pleaded guilty.
 B {¶ 5} Crim. R. 11(C)(2)(a) states that the court shall not accept a guilty plea without first "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved ***."
 {¶ 6} In State v. Johnson (1988), 40 Ohio St.3d 130, the syllabus states: "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather *Page 5 
than concurrently, is not a violation of Crim. R. 11(C)(2), and does not render the plea involuntary."
 {¶ 7} We have cited to Johnson in a case involving R.C. 2921.331(D) with facts similar to those present in this case to hold that a court did not violate Crim. R. 11 (C) (2) when it did not inform a defendant that a sentence for failure to comply would have to be served consecutively to a drug offense involved in the same plea proceedings. See State v. Dudenas, Cuyahoga App. Nos. 81461 and 81774, 2003-Ohio-1000, ¶ 19.[1]
 {¶ 8} We are aware that other appellate districts have distinguishedJohnson on its facts to reach a contrary result. For example, inState v. Bragwell, Mahoning App. No. 06-MA-140, 2008-Ohio-3406, the Seventh Appellate District noted that in Johnson the consecutive sentences ordered were discretionary, not mandatory:
 {¶ 9} "Here the trial court did not simply fail to inform appellant that it might order him to serve his sentences consecutively. Instead it completely *Page 6 
neglected to inform him that he was required to serve his sentences consecutively. Whether appellant was to serve his sentences consecutively or concurrently was not up to the trial court's discretion as was the case in Johnson, supra. R.C. 2929.13(G)(2) directs that the court impose a mandatory prison term for the repeat offender specification prior to and consecutive to the sentence on the underlying DUI. Unlike Johnson, in this case a mandatory, consecutive prison term was a guaranteed consequence of appellant's guilty plea.
 {¶ 10} "For all of these reasons, we cannot conclude that the trial court substantially complied with Crim. R. 11(C)(2) in informing appellant of the consequences of his guilty plea. Appellant did not enter a knowing and intelligent plea." Id. at ¶ 57-58. See, also,State v. Pitts, 159 Ohio App.3d 853, 2005-Ohio-1389, ¶ 22 (finding that because R.C. 2921.331(D) mandates consecutive sentences, that sentence was "part of the maximum penalty appellant faced and the trial court erred by failing to inform appellant of this at the plea hearing.");State v. Hankison, Scioto App. No. 01CA2792, 2002-Ohio-6161, ¶ 16 (reversing guilty plea because "the trial court did not advise Hankison that, by pleading guilty to failure to comply, it was mandatory that his sentence be served consecutively to any other sentence.").
 {¶ 11} Even though Dudenas does not engage in the kind of analysis employed by the appellate districts that reach different results on the issue, it is a binding decision from this court and we are duty-bound to follow it as *Page 7 
precedent within this appellate district. We therefore find that the court did not violate Crim. R. 11(C)(2) when it did not inform Norman prior to taking the guilty plea that Norman's sentence for failure to comply would have to be served consecutively to the other offenses involved in the same plea proceedings.
 II {¶ 12} Norman next argues that the court abused its discretion by imposing a four-year sentence on the failure to comply counts. He maintains that this sentence was grossly inconsistent with sentences imposed on similar offenders for similar crimes, pointing to remarks made by the arresting officer during sentencing that, in the officer's experience, the sentence for failure to comply was "typically a year."
 {¶ 13} The trial courts no longer engage in fact-finding when imposing maximum, consecutive, or more than the minimum prison terms. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The courts must "carefully consider" the statutes that apply to every felony case, including the factors set forth in R.C. 2929.11 and 2929.12, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 39, and are vested with full discretion to impose a prison term within the statutory range after consideration of those factors and are not required to give reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. at paragraph three of the syllabus. Norman makes no claim that the court exceeded applicable sentencing parameters. *Page 8 
 {¶ 14} The court did not abuse its discretion in sentencing. In reaching this conclusion we note that Norman misstates the true import of the arresting officer's remarks about the "typical" sentences for failure to comply. The arresting officer appeared at sentencing specifically to advocate a harsher sentence for Norman. He told the court that in his experience, judicial sentencing on charges of failure to comply is "so light, typically a year." He told the court that high speed pursuits were "a growing trend" and that he was personally involved in approximately 25 "pursuits" in the previous two years; hence, his desire to see the court impose a more severe punishment for Norman.
 {¶ 15} The officer detailed the circumstances of the high-speed pursuit of Norman's vehicle, noting that it occurred at 6:30 p.m., with Norman driving his car over sidewalks, nearly hitting and scattering pedestrians, driving through stop lights, going left of center, traveling 65 miles per hour in a residential area, and tossing crack cocaine out of his car window before turning down a dead-end street and running off the road near a playground. Explaining his presence at sentencing, the arresting officer told the court that "I don't normally do this, you know, in your courtroom but just the severity of the crime I just thought it necessary. *** I'm just asking the Court for a severe sentence, please."
 {¶ 16} The circumstances detailed by the arresting officer, coupled with Norman's prior record show that the court did not act arbitrarily when imposing the sentence. Even defense counsel acknowledged that a prison term was *Page 9 
indicated because Norman "had a shot at [drug treatment] and it didn't fly." The sentence imposed for failure to comply was supported by relevant factors.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] In State v. Bailey, Montgomery App. No. 19736, 2003-Ohio-273, the Second Appellate District considered Bailey's argument that his guilty plea to a charge of failure to comply was involuntary because the court failed to inform him that his sentence on that charge would have to be served consecutively to other charges. The court of appeals stated that it found "no authority for the proposition that a guilty plea is not knowing, intelligent, and voluntary if a defendant is not told that R.C. 2921.331(D) requires a consecutive sentence on a failure-to-comply conviction." Id. at ¶ 16. That statement was dicta, however, because the court of appeals ultimately held that Bailey waived any argument under Crim. R. 11(C)(2) when he refused to file a motion to withdraw his guilty plea, even though the trial judge offered him the opportunity to do so. *Page 1