[Cite as *State v. Brown*, 2022-Ohio-607.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

STANLEY BROWN, JR.

     Defendant-Appellant

JUDGES:
Hon. John W. Wise, P.J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2021 CA 0069

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 15 CR 0698 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 2, 2022 |


APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
PROSECUTING ATTORNEY
VICTORIA MUNSON
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

STANLEY BROWN, JR.
PRO SE
N. Central Correctional Complex
P. O. Box 1812
Marion, Ohio 43301

*Wise, P. J.*

**{¶1}** Defendant-Appellant Stanley Brown, Jr. ("Appellant") appeals his conviction and sentence entered in the Richland County Court of Common Pleas on Aiding or Abetting Rape pursuant to R.C. 2907.02(A)(1)(c) following a jury trial. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 3, 2015, J.J. attended a party at the Rodeway Inn where she consumed alcohol, marijuana, and psychedelic mushrooms. Approximately ninety minutes later, Appellant arrived at the party.

**{¶3}** Two hours after arriving, Appellant, his co-defendants, and J.J. were in a different room of the Rodeway Inn. While playing a drinking game, J.J. lost consciousness due to her high level of intoxication.

**{¶4}** Once she regained consciousness, J.J. discovered Co-Defendant Hughes vaginally penetrating her without her consent. Appellant encouraged Co-Defendant Hughes as Hughes vaginally raped J.J. and told the victim to relax. In addition to encouraging Hughes, Appellant pushed J.J. down when she tried to get up from the bed and stuck his penis in J.J.'s face in an attempt to force J.J. to perform oral sex on him.

**{¶5}** On January 5, 2015, J.J. went to OhioHealth Mansfield for a SANE exam. During the exam, J.J. told nurse Tammy Robertson what happened on January 3, 2015, and identified Appellant and Co-Defendant Hughes as two of her attackers. Nurse Robertson collected anal and vaginal swabs, pubic hair, and fingernail clippings from J.J.

**{¶6}** Nurse Robertson also contacted Richland County Sheriff's Office and J.J.'s mother in order to collect J.J.'s clothes from January 3, 2015.

{¶7} Deputy Broom collected J.J.'s rape kit and clothing and submitted them to the Bureau of Criminal Investigation.

{¶8} On January 8, 2015, Deputy Dittrich interviewed J.J., who provided a statement regarding her rape at Rodeway Inn and identified Appellant, Co-Defendant Hughes and Co-Defendant Murphy as her attackers. Dittrich obtained search warrants for DNA swabs from Appellant, Co-Defendant Hughes, Co-Defendant Murphy, and several other guests from the party.

{¶9} Appellant's DNA matched both sperm and non-sperm DNA on J.J.'s shirt from January 3, 2015. Bureau of Criminal Investigation matched Co-Defendant Hughes's DNA to sperm DNA recovered from J.J.'s vagina.

{¶10} On August 11, 2015, the Richland County Grand Jury indicted Appellant on one count of Rape in violation of R.C. 2907.02(A)(2), a felony in the first-degree, one count of Aiding or Abetting Rape in violation of R.C. 2907.02(A)(1)(C) and R.C. 2907.02(A)(2), a felony in the first-degree, and one count of Kidnapping in violation of R.C. 2905.01(A)(4), a felony in the first-degree.

{¶11} At his arraignment on September 15, 2015, Appellant pled not guilty to the indictment.

{¶12} On June 2, 2016, a jury trial commenced.

{¶13} On June 7, 2016, the jury found Appellant guilty of Aiding or Abetting Rape pursuant to R.C. 2907.02(A)(1)(c) and not guilty on the remaining counts of the indictment. On June 13, 2016, Appellant was sentenced to seven years in prison, five years of mandatory post-release control, and was classified as a Tier III sex offender.

**{¶14}** On July 1, 2106, Appellant filed a notice of appeal arguing the trial court erred in excluding any testimony pursuant to Ohio's Rape Shield Law and that there was not sufficient evidence to support his conviction. On March 28, 2017, this Court affirmed the Trial Court's decision.

**{¶15}** On June 16, 2021, Appellant filed a Motion to Vacate Void Judgment with the trial court.

**{¶16}** On June 21, 2021, Appellee filed a response to Appellant's motion.

**{¶17}** On August 13, 2021, the trial court denied Appellant's motion.

## ASSIGNMENT OF ERROR

**{¶18}** Appellant timely filed a notice of appeal. He herein raises the following two Assignments of Error:

**{¶19}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE VOID JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION WHEN IT MISJUDGED APPELLANT'S ARGUMENT THAT AN INDICTMENT WAS NEVER RETURNED CHARGING APPELLANT WITH AIDING AND ABETTING RAPE.

**{¶20}** "II. AN ABUSE OF DISCRETION MAY BE FOUND WHEN A TRIAL COURT "APPLIES THE WRONG LEGAL STANDARD, MISAPPLIES THE CORRECT LEGAL STANDARD OR RELIES ON CLEARLY ERRONEOUS FINDINGS OF FACT." (*MUSSON V. MUSSON* 11TH DIST. NO. 2013-T-0113; 2014-OHIO 5381 PARA. 15 QUOTING THOMAS V. CLEVELAND 176 OHIO APP.3D 401; 2008-OHIO-1720 PARA.15; 892 N.E.2D 454 (8TH DIST.) (SIC) AN ABUSE OF DISCRETION MAY BE

FOUND WHERE THE COURT'S ATTITUDE IS.  5 OHIO ST.3D 317 219; 5 OHIO 481; 450 N.E.2D 1140(1983)(SIC))."

**I., II.**

**{¶21}** In Appellant's First and Second Assignments of Error, Appellant argues the trial court relies on erroneous findings of fact and abused its discretion when it denied Appellant's Motion to Vacate Void Judgment. We disagree.

**{¶22}** In his motion filed June 16, 2021, Appellant argued his conviction and sentence were void because the count in the indictment read that he aided and abetted the rape of J.J. by three individuals. However, he was never indicted for aiding and abetting the rape of J.J. by Co-Defendant Hughes individually or aiding and abetting a rape he committed himself. As such, the indictment was invalid, failing to invoke the jurisdiction of the trial court.

**{¶23}** Appellant relies on *People v. Edge*, 406 Ill. 490, 94 N.E.2d 359 (1950). In *People v. Edge*, the Supreme Court for the State of Illinois found in order for the jurisdiction for the trial court to be invoked, the information must charge a crime. *Id.* Appellant also cites *State v. Presler*, 112 Ohio App. 437, 176 N.E.2d 308 (3rd Dist.1960). In *Presler*, the State of Ohio fails to allege in the indictment that the defendant broke into a building as required by the statute and therefore did not charge the defendant with a crime under the laws of the State of Ohio. *Id.* As such, the Third District Court of Appeals held the trial court had no subject matter jurisdiction. *Id.*

> Under the doctrine of *res judicata*, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process

that was raised or could have raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

**{¶24}** This Court has previously held, "[A] defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by *res judicata* from appealing that sentence * * *." *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017-Ohio-595, ¶30, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶19.

**{¶25}** We recognize that an exception to the application of *res judicata* applies to void judgments. *See State v. Draughon*, 10th Dist. Franklin No. 17AP-149, 2017-Ohio-7741, ¶9. Generally, however, judgments that are erroneous for other than jurisdictional reasons are merely voidable and not subject to collateral attack. *See O'Malley v. O'Malley*, 8th Dist. Cuyahoga No. 98708, 2013-Ohio-5238, ¶24, citing *State ex rel. Beil v. Dota*, 168 Ohio St. 315, 319-320, 154 N.E.2d 634 (1958).

**{¶26}** We find Appellant's aforesaid legal theory is in actuality an attempt to raise an untimely error of law regarding the deficiency of Appellee's indictment. Because Appellant failed to include the complained of issues in his direct appeal, he is attempting to circumvent the doctrine of *res judicata* by claiming his convictions were void because the trial court lacked subject matter jurisdiction. "Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time" *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

**{¶27}** At the core of his argument, Appellant argues the trial court lacked subject matter jurisdiction due to defects in the indictment. However, "[a] defective indictment renders the charge voidable, not void." *State v. Bragwell,* 7th Dist. Mahoning No 06-MA-140, 2008-Ohio-3406, ¶14. Therefore, this alleged error would not divest the trial court of subject matter jurisdiction. *Id.*

**{¶28}** As Appellant's argument on the alleged deficiency of the indictment does not affect the trial court's subject matter jurisdiction we find the doctrine of *res judicata* does apply. Because Appellant could have challenged the indictment on direct appeal to this Court, Appellant's argument is barred by *res judicata*.

**{¶29}** Accordingly, Appellant's First and Second Assignments of Error are overruled.

**{¶30}** For the foregoing reasons, judgment of the Court of Common Pleas of Richland County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/br 0224