[Cite as *State v. Nelms*, 2020-Ohio-6845.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DAVID NELMS | : | Case No. 20 CAA 03 0018 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 12CR I 09 0362

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      December 22, 2020

APPEARANCES:

For Plaintiff-Appellee

MARK C. SLEEPER
145 North Union Street
3rd Floor
Delaware, OH 43015

For Defendant-Appellant

DAVID NELMS, PRO SE
Inmate #686-545
North Central Correctional Institution
P.O. Box 1812
Marion, OH 43301

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, David Nelms, appeals the February 26, 2020 judgment entry of the Court of Common Pleas of Delaware County, Ohio, denying his motion to vacate void judgment due to lack of jurisdiction. Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 28, 2012, the Delaware County Grand Jury indicted appellant, David Nelms, on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, one count of trafficking in persons in violation of R.C. 2905.32, one count of trafficking in heroin in violation of R.C. 2925.03, one count of possession of heroin in violation of R.C. 2925.11, five counts of compelling prostitution in violation of R.C. 2907.21, and eight counts of promoting prostitution in violation of R.C. 2907.22. Fourteen of the counts included a human trafficking specification pursuant to R.C. 2941.1422.

{¶ 3} On February 21, 2013, appellant filed a motion to dismiss for lack of proper venue, claiming all but one of the alleged offenses did not occur in Delaware County. A hearing was held on March 15, 2013. By judgment entry filed March 19, 2013, the trial court denied the motion.

{¶ 4} On June 11, 2013, appellant pled no contest to the engaging in a pattern of corrupt activity and the possession of heroin counts. The remaining counts, including the specifications, were dismissed. By judgment entry filed June 12, 2013, the trial court found appellant guilty. By judgment entry filed June 25, 2013, the trial court sentenced appellant to an aggregate term of twelve years in prison.

{¶ 5}   Appellant filed an appeal and assigned as error the issue of subject matter jurisdiction, claiming the Delaware County Grand Jury had no authority to indict him for crimes committed in Franklin County.  This court denied the assignment and affirmed appellant's convictions.  *State v. Nelms,* 5th Dist. Delaware No. 13 CAA 07 0055, 2014-Ohio-3316.

{¶ 6}   On December 27, 2019, appellant filed a motion to vacate void judgment due to lack of jurisdiction, claiming the count in the indictment for engaging in a pattern of corrupt activity needed to specify that the incidents of corrupt activity exceeded $1,000.  Appellant argued without a valid indictment, his plea and conviction were void.  Appellant also challenged the sufficiency of the factual basis for the trial court to accept his no contest plea and find him guilty.

{¶ 7}   On January 10, 2020, appellee filed a motion for an extension of time to file a memorandum contra.  The trial court granted the motion and gave appellee until January 24, 2020, to so file.  On said date, appellee filed a second motion for an extension.  Appellee filed its memorandum contra on January 27, 2020.  On same date, appellant filed a motion to strike the memorandum contra for being untimely filed.  By judgment entry filed January 28, 2020, the trial court denied the motion to strike, finding the extension request was timely filed.  On February 6, 2020, appellant filed a motion for reconsideration of the timeliness issue and claimed he was never served with the motions for extension and the memorandum contra.  By judgment entry filed February 25, 2020, the trial court denied the motion for reconsideration.  By judgment entry filed February 26, 2020, the trial court denied appellant's motion to vacate void judgment due to lack of jurisdiction, finding his arguments were barred by the doctrine of res judicata and the indictment was sufficient.

{¶ 8}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 9}  "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY FAILING TO TAKE [A MANDATORY] JUDICIAL NOTICE UNDER EVID.R. 201(D) WHEN REQUESTED BY APPELLANT AND WAS SUPPLIED THE NECESSARY INFORMATION."

II

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO EXERCISE JURISDICTION IN ACCORDANCE WITH THE STATUTORY REQUIREMENTS SET FORTH IN R.C. 2941.08(E) AND R.C. 2923.31(I)(2)(C)."

III

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN CONCLUDING ERRONEOUSLY THAT THE INDICTMENT MAY OMIT ITS STATUTORY MANDATORY MONETARY THRESHOLD (JURISDICTIONAL AMOUNT) ELEMENTS IN WHICH CONSTITUTES AND NEEDED TO DETERMINE THE CHARGE."

IV

{¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ACCEPTED THE NO CONTEST PLEA AND FOUND MR. NELMS GUILTY, ABSENT THE MANDATORY REQUIRED STATUTORY JURISDICTIONAL AMOUNT ELEMENT BEING AVERRED WITHIN THE INDICTMENT THEREFORE, NEVER ACQUIRING JURISDICTION AND DEPRIVING THE COURT'S AUTHORITY TO ACT."

{¶ 13} Appellant also filed a "cross-appeal" assigning the following errors:

CROSS-ASSIGNMENT OF ERROR I

{¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN SERVICE OF PROCESS WAS NOT MADE IN ACCORDANCE WITH THE RULES OF CIVIL PROCEDURE, THE TRIAL COURT LACKED JURISDICTION TO CONSIDER THE COMPLAINT, AND ANY JUDGMENT ON THE COMPLAINT IS VOID AB INITIO."

CROSS-ASSIGNMENT OF ERROR II

{¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO COMPLY TO LOCAL RULES THAT IMPLICATES ISSUES OF DUE PROCESS THEREFORE, DEPRIVING MR. NELMS OF A REASONABLE OPPORTUNITY TO DEFEND HIMSELF, THE TRIAL COURT IS BOUND TO COMPLY WITH IT'S LOCAL RULES 7.07 AND 11.05."

I, II, III, IV

{¶ 16} In his first, second, third, and fourth assignments of error, appellant challenges the trial court's denial of his motion to vacate void judgment due to lack of jurisdiction.  We disagree.

{¶ 17} In his motion filed December 27, 2019, appellant argued his plea and conviction were void because the count in the indictment for engaging in a pattern of corrupt activity was invalid for failing to specify that the incidents of corrupt activity exceeded $1,000; therefore, the invalid indictment never invoked the jurisdiction of the trial court.

{¶ 18} In its February 26, 2020 judgment entry denying appellant's motion, the trial court found the motion was barred by the doctrine of res judicata.  Notwithstanding this finding, the trial court went on to find the indictment was valid.

{¶ 19} As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

See *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶ 20} "To survive preclusion by *res judicata*, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik*, 9th Dist. Lorain No. 98CA007279, 2000 WL 254908, *1 (Mar. 8, 2000). Void sentences are "not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. However, a voidable sentence "can be set aside only if successfully challenged on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28, citing *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999).

{¶ 21} Because appellant failed to include the complained of issues in his direct appeal, he is attempting to circumvent the doctrine of res judicata by claiming his convictions were void because the trial court lacked subject matter jurisdiction. "Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

{¶ 22} Appellant argues the trial court lacked subject matter jurisdiction due to defects in the indictment. As explained by our colleagues from the Seventh District in *State v. Bragwell*, 7th Dist. Mahoning No. 06-MA-140, 2008-Ohio-3406, ¶ 14:

A defective indictment renders the charge voidable, not void. *State v. Haley*, (July 7, 1995), 2d Dist. Nos. 94-CA-89, 94-CA-108, 94-CA-109. The error does not deprive the trial court of subject matter jurisdiction and the error is generally "waived on appellate review when a timely objection before the trial court could have permitted [its] correction." *Id.*, quoting *City of Trotwood v. Wyatt* (Jan. 21, 1993), 2d Dist. No. 13319; *State v. Wade* (1978), 53 Ohio St.2d 182, 373 N.E.2d 1244, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157.

{¶ 23} In reviewing appellant's arguments herein on the alleged deficiency of the indictment, we find they do not affect the trial court's subject matter jurisdiction. Appellant could have raised the defects in the indictment in his direct appeal, but failed to do so; therefore, we concur with the trial court that appellant's arguments are barred

by the doctrine of res judicata.   *See State v. Brandon,*   5th Dist. Muskingum No. CT2018-0082, 2019-Ohio-2818.  We find the same as to appellant's sufficiency of the factual basis argument.

{¶ 24} Upon review, we find the trial court did not err in denying appellant's motion to vacate void judgment due to lack of jurisdiction.

{¶ 25} Appellant's Assignments of Error I, II, III, and IV are denied.

### CROSS-ASSIGNMENTS OF ERROR I AND II

{¶ 26} In these assignments of error, appellant claims the trial court erred in denying his motion to strike appellee's memorandum contra to his motion to vacate and his subsequent motion for reconsideration of the denial.  We disagree.

{¶ 27} At the outset, we note there is no rule permitting appellant  to file a "cross-appeal" brief in his own direct appeal.   Appellant  should  have  included  these assignments of error in his appellate brief.

{¶ 28} In his motion to strike filed January 27, 2020, appellant argued appellee's memorandum contra was untimely filed and he was never served with appellee's request for an extension.

{¶ 29} In its January 28, 2020 judgment entry denying appellant's motion to strike, the trial court found the extension request was timely filed.  In its February 25, 2020 judgment entry denying appellant's motion for reconsideration, the trial court found "contrary to the erroneous descriptions provided in the Defendant's motion for reconsideration, the State of Ohio filed its two motions for extensions of time 'before the expiration of the period originally prescribed.' "   The trial court found the extension requests were "reasonable and justified by good cause.  The rules permit  this Court to

regulate these proceedings as justice so requires."  In support, the trial court cited Crim.R. 45(B) which states the following:

> **(B) Time: Enlargement.** When an act is required or allowed to be performed at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before expiration of the period originally prescribed or as extended by a previous order; or (2) upon motion permit the act to be done after expiration of the specified period, if the failure to act on time was the result of excusable neglect or would result in injustice to the defendant.

{¶ 30} Upon review of the filings, we concur appellee filed its extension requests "before expiration of the period originally prescribed or as extended by a previous order."  As the rule states, the granting of an extension is within a trial court's sound discretion, and we do not find that the trial court in this case abused that discretion.

{¶ 31} Appellant also complained he did not receive service of the extension requests or the memorandum contra.  The January 10, and 24, 2020 motions for extension and the January 27, 2020 memorandum contra all included certificates of service to appellant's address of record.  Although there is no record of appellant receiving the filings, we do not find any prejudice to appellant affecting a substantial right.  Crim.R. 52(A).

{¶ 32} Upon review, we do not find the trial court abused its discretion in denying appellant's motion to strike and subsequent motion for reconsideration.

{¶ 33} Cross-Assignments of Error I and II are denied.

{¶ 34} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.


EEW/db