[Cite as *State v. Williamson*, 2020-Ohio-6996.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                                     No. 109463

    v.                               :

MICHAEL WILLIAMSON,               :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 31, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-01-406972-ZA

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Michael Williamson, *pro se.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendant-appellant Michael Williamson ("Williamson") appeals from the trial court's January 10, 2020 judgment denying his motion to quash the indictment. For the reasons that follow, we affirm.

{¶ 2} The record shows that in 2001, Williamson was convicted of 12 counts of rape of a minor after a jury trial. He was sentenced to consecutive life prison terms. Williamson challenged his convictions before this court; the convictions were upheld. *State v. Williamson*, 8th Dist. Cuyahoga No. 80982, 2002-Ohio-6503. In the years since, Williamson has mounted numerous challenges to his convictions and sentence. With the exception of a limited remand for resentencing to properly impose postrelease control[1] and to mandate the trial court to consider Williamson's request for DNA testing,[2] his appeals have been unsuccessful.[3]

{¶ 3} In January 2020, Williamson filed a motion to quash the indictment, alleging that the trial court lacked jurisdiction because the indictment

---

[1]*See State v. Williamson*, 8th Dist. Cuyahoga No. 99473, 2013-Ohio-3733; *State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 and 101115, 2014-Ohio-3909.

[2] *See State v. Williamson*, 8th Dist. Cuyahoga No. 105320, 2017-Ohio-4192.

[3]*See State v. Williamson*, 137 Ohio St.3d 1443, 2013-Ohio-5678, 999 N.E.2d 697, *discretionary appeal not accepted*; *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-4482, *counsel's motion to withdraw under Anders granted; limited remand for imposition of postrelease control was properly executed*; *State v. Williamson*, 143 Ohio St.3d 1545, 2015-Ohio-4633, 40 N.E.3d 1181, *discretionary appeal not accepted*; *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, *reopening denied*; *State v. Williamson*, 8th Dist. Cuyahoga No. 104294, 2016-Ohio-7053, *denial of petition to vacate or set aside judgment of conviction or sentence aff'd*; *State v. Williamson*, 148 Ohio St.3d 1428, 2017-Ohio-905, 71 N.E.3d 299, *discretionary appeal not allowed*; *State v. Williamson*, 2018-Ohio-2226, 114 N.E.3d 323 (8th Dist.), *denial of postconviction relief for DNA testing*; *State v. Williamson*, 153 Ohio St.3d 1497, 2018-Ohio-4092, 108 N.E.3d 1105, *discretionary appeal not accepted*; *State v. Williamson*, 8th Dist. Cuyahoga Nos. 107117, 107162, and 107916, 2019-Ohio-1985, *denial of motion for leave to file a delayed motion for a new trial and petition for postconviction relief aff'd*; *State v. Williamson*, 156 Ohio St.3d 1478, 2019-Ohio-3148, 2019, 128 N.E.3d 245, *discretionary appeal not accepted*.

was defective. The trial court denied the motion, and this appeal ensues, with Williamson raising the following two assignments of error:

I.     The trial court erred in the denial of Williamson's delayed motion to quash indictment, for cause of lack of subject matter jurisdiction where the faulty attempted indictment fails to designate parties to a lawsuit in the title of action and fails to name Williamson as the accused in the statement charging an offense to R.C. 2941.03(C) and Crim.R. 7(B).

II.    The trial court erred in the denial of Williamson's delayed motion to quash indictment, for cause of lack of subject matter jurisdiction where the faulty attempted indictment fails to comply with R.C. 2941.03(D). *State v. Luna*, 96 Ohio App.3d 207.

{¶ 4}  Under these two assignments of error, Williamson contends that the 2001 indictment against him was defective, and the trial court was therefore without jurisdiction to try and convict him. Williamson requests that this court reverse his convictions "with an order instructing [the trial] Court to immediately vacate [his] void attempted indictment" and order "his immediate release from custody."

{¶ 5}  For the reasons that follow, we find that Williamson's claim is barred under the doctrine of res judicata.

{¶ 6}  The doctrine of res judicata establishes that

a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995), quoting *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Thus, "[p]ostconviction

review is a narrow remedy, because res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Dean*, 187 Ohio App.3d 495, 2010-Ohio-1684, 932 N.E.2d 918 (2d Dist.), ¶ 11

{¶ 7} Whether an indictment is defective is an issue that could have been raised on direct appeal. Williamson did not challenge the sufficiency of his indictment at trial or on direct appeal. Therefore, res judicata bars his attempt to raise the issue of a defective indictment now, 19 years after his conviction. *See State v. Tucker*, 2d Dist. Montgomery No. 23408, 2010-Ohio-2642, ¶ 6 ("Whether the indictment was defective is an issue that could have been raised by Defendant in his direct appeal. It was not. Therefore, res judicata bars Defendant from now raising that issue as a ground for post-conviction relief.").

{¶ 8} Williamson contends that the issue of a defective indictment based on lack of subject-matter jurisdiction can be raised at any time. In *State v. Cimpritz*, 158 Ohio St. 490, 110 N.E.2d 416 (1953), the Supreme Court of Ohio held that "[a] judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." *Id.* at paragraph six of the syllabus.

{¶ 9} However, the Supreme Court later clarified the holding in *Cimpritz*. In *State v. Wozniak*, 172 Ohio St. 517, 178 N.E.2d 800 (1961), the court stated:

> As stated in paragraph six of the syllabus of [*Cimpritz*], "an indictment," such as that in the instant case, "which does not charge an offense is void * * * and may be successfully attacked * * * by a

collateral proceedings [sic]." However, after a judgment of conviction for the crime sought to be charged in such indictment, such a collateral attack would no longer be effective because the judgment of conviction necessarily binds a defendant, where the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted. Such a judgment of conviction is necessarily binding as between the state and the defendant and can only be set aside by a direct and not a collateral attack.

*Id.* at 522-523.[4]

{¶ 10} Thus, even assuming there was a defect in Williamson's indictment (which we do not think there was), he cannot raise the issue "at any time" based on the trial court's alleged lack of subject-matter jurisdiction. Williamson raises no argument that the trial court lacked either personal jurisdiction over him or jurisdiction to try him for the crime for which he was convicted. In fact, the trial court had personal jurisdiction over Williamson and jurisdiction over the crimes of which he was convicted.

{¶ 11} In light of the above, Williamson's two assignments of error are both without merit and are overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[4] *See also Midling v. Perrini*, 14 Ohio St.2d 106, 107, 236 N.E.2d 557 (1968). ("[T]he *Cimpritz* case involved a direct appeal from the judgment of conviction and not a collateral attack on such a judgment. Hence, it would have been sufficient to use the word 'voidable' instead of 'void' in [paragraph six of the syllabus]. Also, no question with respect to a collateral attack was involved in the case, so that any statement with respect thereto may be disregarded.").

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR