[Cite as *State v. Parker*, 2021-Ohio-509.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,            :

                                                       No. 109804

    v.                             :

DONELL PARKER,                           :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 25, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-96-337574-ZA

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Donell Parker, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Donell Parker ("Parker"), appeals pro se from the trial court's denial of his motion to vacate the court's nunc pro tunc journal entry dated March 16, 1998. He raises the following assignments of error for review:

1. The trial court erred to the prejudice of Parker's due process right to be sentenced on the basis of conviction when it failed to vacate its void March 16, 1998 nunc pro tunc journal entry.

2. Parker's conviction and sentence for aggravated murder is void where the predicate offenses constituting the aggravated specification of aggravated robbery is dismissed.

3. Parker's conviction and sentence for counts one, two, and three are void ab initio for lack of subject-matter jurisdiction where the attempted indictments do not charge an offense.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment. Parker's attempt to challenge his convictions and sentence, entered in 1998, is barred by the doctrine of res judicata.

## I. Procedural and Factual History

{¶ 3} On February 1, 1996, a juvenile court complaint was issued against Parker charging him with delinquency in connection with the 1987 shooting death of the victim, Robert Letson. Parker, who was 26 years old when the charges were issued, was subsequently bound over to the general division of the court. Thereafter, on April 16, 1996, Parker was named in a three-count indictment, charging him with one count of aggravated murder by prior calculation and design, with felony murder and firearm specifications (Count 1); one count of aggravated murder in connection with aggravated robbery, with felony murder and firearm specifications (Count 2); and one count of aggravated robbery, with a firearm specification (Count 3). Parker pleaded not guilty to the charges, and the matter proceeded to a jury trial on August 12, 1996.

{¶ 4} The state subsequently dismissed the charge of aggravated murder by prior calculation and design and proceeded to a jury trial on the remaining two counts. Having dismissed Count 1 of the indictment prior to its submission to the jury, the remaining counts of aggravated murder and aggravated robbery were renumbered from Counts 2 and 3, to Counts 1 and 2. Relevant to this appeal, however, the decision to dismiss the original Count 1 and renumber the remaining offenses was not reflected in a journal entry.

{¶ 5} At the conclusion of the jury trial, Parker was found guilty of aggravated murder as originally charged in Count 2 of the indictment (renumbered to Count 1) and aggravated robbery as originally charged in Count 3 of the indictment (renumbered to Count 2).

{¶ 6} On September 24, 1996, the trial court sentenced Parker to "a term of life with parole eligibility after 30 years" on the aggravated murder offense, and a prison term of 10 to 25 years on the aggravated robbery offense. The sentences imposed on the aggravated murder and aggravated robbery offenses were ordered to run consecutively. In addition, a three-year firearm specification was ordered to run "prior to and consecutive to [the] life sentence."

{¶ 7} Parker filed a direct appeal in October 1996. However, because the sentencing journal entry did not reflect the status of the aggravated murder with prior calculation and design offense (original Count 1), the matter was remanded to the trial court "for entry of judgment as to all counts of the indictment."

**{¶ 8}** On remand, the trial court issued a nunc pro tunc entry, dated January 22, 1998, to correct the original sentencing journal entry. The nunc pro tunc entry sought to clarify which offense was dismissed and which offenses were renumbered during the trial. However, the nunc pro tunc entry set forth an inaccurate accounting of the record, stating:

> State dismisses Count 2. Counts renumbered prior to the submission to the jury. Count 3 is renumbered to Count 2. It is so ordered.

**{¶ 9}** Realizing the state had dismissed the original Count 1 of the indictment, and not Count 2, the trial court issued a second nunc pro tunc journal entry to correct its clerical error on March 16, 1998. The entry provides as follows:

> Amended journal entry (nunc pro tunc for January 2, 1998 entry). State dismisses Count 1. Counts renumbered prior to the submission to the jury. Count 2 is renumbered to Count 1, Count 3 is renumbered to Count 2. It is so ordered.

**{¶ 10}** Subsequently, Parker's direct appeal was reinstated, and this court affirmed his convictions, finding that they were supported by the manifest weight of the evidence, that the trial court committed no error in either admitting testimony or instructing the jury, and that Parker's trial counsel rendered effective assistance. *State v. Parker*, 8th Dist. Cuyahoga No. 71474, 1998 Ohio App. LEXIS 1507 (Apr. 9, 1998) ("*Parker I*"). [1] The Ohio Supreme Court declined to accept Parker's appeal from this court's decision. *State v. Parker*, 82 Ohio St.3d 1480, 696 N.E.2d 1087 (1998).

---

[1] This court previously set out the facts surrounding Parker's convictions in *Parker I*. *Id.* at *2-9.

{¶ 11} On August 4, 2008, Parker filed a motion to vacate his sentence, arguing the indictment was fatally defective because it did not allege a culpable mental state for the offense of aggravated robbery. The trial court denied his motion to vacate, and no appeal was taken from the trial court's judgment.

{¶ 12} On December 12, 2008, represented by new counsel, Parker filed a motion for a new trial based upon "newly discovered evidence." Parker asserted that he was "actually innocent" of the crimes, and that another man, Clifton Cousins, had confessed to murdering Letson. In support of his motion, Parker attached two notarized affidavits in which Cousins claimed to have shot Letson. Following a hearing, the trial court denied Parker's motion for new trial. This court affirmed the trial court's judgment in *State v. Parker*, 8th Dist. Cuyahoga No. 96941, 2012-Ohio-362 ("*Parker II*").

{¶ 13} On July 24, 2017, Parker wrote a letter to the Ohio Adult Parole Authority (the "APA") requesting a parole hearing. The letter expressed Parker's belief that the combined effect of the January 22 and March 16, 1998 nunc pro tunc entries was to dismiss both counts of aggravated murder. The APA forwarded Parker's request for a parole hearing to the Bureau of Sentence Computation (the "BOSC"). The BOSC confirmed the status of Parker's conviction and that his first parole hearing date was scheduled for August 15, 2036. The BOSC explained that Parker was serving a prison sentence of 30 years to life for aggravated murder, consecutive to 10-to-25 years for aggravated robbery plus a 3-year firearm specification.

{¶ 14} In response to the BOSC's determination, Parker filed a complaint in the Franklin County Court of Common Pleas against the chairperson of the APA and the chief of records for the BOSC. The complaint sought a declaratory judgment stating the following: (1) that the effect of the January 22 and March 16, 1998 nunc pro tunc entries was to dismiss both counts of aggravated murder; (2) that Parker was serving a single sentence for aggravated robbery; and (3) that Parker was eligible for parole under former R.C. 2967.13(A) because he had served the minimum portion of his sentence.

{¶ 15} On February 1, 2018, the Franklin County trial court issued an order dismissing the case for failure to state a claim. The court found the complaint failed to allege a genuine dispute between the parties, because Parker was "not entitled to the declarations he seeks as a matter of law." The court observed that the criminal court had "exercised its inherent authority to issue the March 16, 1998, nunc pro tunc entry correcting the record to speak the truth regarding the outcome of [Parker's] trial." The Tenth District affirmed the decision of the Franklin County trial court in *Parker v. Mausser*, 10th Dist. Franklin No. 18AP-137, 2018-Ohio-4296 ("*Parker III*").

{¶ 16} On August 15, 2019, Parker returned to the Cuyahoga County Court of Common Pleas, and filed a motion to vacate the trial court's March 16, 1998 nunc pro tunc journal entry. Although he previously argued in Franklin County that the nunc pro tunc journal entries issued in this case served to dismiss each aggravated murder offense, Parker presented a different theory in his motion to vacate. For the

first time, Parker argued the January 2, 1998 nunc pro tunc entry served to dismiss the aggravated robbery offense. He further maintained that the court was without jurisdiction to issue the amended nunc pro tunc entry on March 16, 1998.

{¶ 17} On May 29, 2020, the trial court denied Parker's motion, stating, in relevant part:

> Defendant's claim in his motion to vacate the void March 16, 1998 amended nunc pro tunc journal entry filed by defendant on August 15, 2019, has been litigated. *See Parker v. Mausser*, 10th Dist. Franklin No. 18AP-137, 2018-Ohio-4296, ¶ 22-23, appeal not accepted for review by *Parker v. Mausser*, 156 Ohio St.3d 1405, 2019-Ohio-2261; *see also State ex. rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, ¶ 9 (res judicata bars the litigation of all claims that either were or might have been litigated in the first lawsuit).

{¶ 18} Parker now appeals from the trial court's judgment.

## II. Law and Analysis

### A. Validity of Nunc Pro Tunc Journal Entries

{¶ 19} In his first assignment of error, Parker argues the trial court violated his due process right to be sentenced on the basis of conviction when it failed to vacate its void March 16, 1998 nunc pro tunc journal entry. Parker contends the January 2, 1998 nunc pro tunc entry served as a dismissal of the aggravated robbery offense and should be treated as the law of the case because the state did not file a timely appeal from the court's judgment. Parker further asserts that the trial court lacked jurisdiction to enter the March 16, 1998 nunc pro tunc journal entry, because the "court's lack authority to reconsider their own valid judgments in criminal cases."

**{¶ 20}** Generally, a motion to vacate a void judgment is treated as a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) is filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for a vacation of the judgment and sentence. *State v. Robinson*, 8th Dist. Cuyahoga No. 109159, 2020-Ohio-4470, ¶ 9, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *see also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8.

**{¶ 21}** R.C. 2953.21 through 2953.23 set forth how a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition, however, does not provide a petitioner a second opportunity to litigate the conviction. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32. Therefore, a petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal. *Perry* at paragraph seven of the syllabus.

{¶ 22} A criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. R.C. 2953.21; *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999). According to R.C. 2953.21(C), a petitioner is entitled to a hearing when, upon review of the petition and the record, the trial court finds that there are "substantive grounds for relief." In making such a determination, the trial court must consider the petition and supporting affidavits as well as all of the files and records pertaining to the proceedings against the petitioner. R.C. 2953.21(C). A trial court's decision to deny a postconviction petition without a hearing is reviewed under the abuse of discretion standard. *Gondor* at ¶ 45; *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15. The trial court does not abuse its discretion in dismissing a petition for postconviction relief without a hearing where (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims advanced in the petition. *Id.*

{¶ 23} After careful review, we find the arguments presented in Parker's motion to vacate are barred by the doctrine of res judicata. It is well settled that "[r]es judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). As stated by the Supreme Court:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment,

any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph nine of the syllabus.

{¶ 24} In this case, the trial court had subject matter jurisdiction over Parker's felony case and had personal jurisdiction over him. *See* R.C. 2931.03; *State v. Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42. And, as discussed further below, the final nunc pro tunc entry challenged in this case was issued pursuant to the court's continuing jurisdiction and properly reflects what occurred at Parker's jury trial. The March 16, 1998 nunc pro tunc journal entry is not void. Because the final nunc pro tunc entry was issued prior to the reinstatement of Parker's direct appeal, Parker had the opportunity to challenge the nunc pro tunc entry in *Parker I.* He failed to do so.

{¶ 25} Moreover, Parker's legal and factual interpretation of the nunc pro tunc entries and their validity have previously been litigated and rejected by the Franklin County Court of Common Pleas and the Tenth District Court of Appeals. As such, Parker may not relitigate the same issues in this court with the hope of obtaining a different result. *See State v. Rogers,* 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 20, quoting *State v. Hildebrand,* 2d Dist. Clark No. 2012-CA-48, 2013-Ohio-2122, ¶ 5. Accordingly, we find the arguments presented in Parker's first assignment of error are barred by res judicata.

{¶ 26} Nevertheless, even if this court were to consider the merits of Parker's claims, we find his interpretation of the nunc pro tunc entries to be unpersuasive.

Although a trial court lacks the authority to reconsider its own valid judgments in a criminal case, clerical errors may be corrected at any time in order to conform to the transcript of the proceedings. *See State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 15, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 13. Under the authority of Crim.R. 36, "trial courts retain continuing jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19.

{¶ 27} In this case, the January 2, 1998 nunc pro tunc entry did not serve to dismiss the aggravated robbery offense as Parker contends. Rather, the record undoubtedly demonstrates that the entry contained a clerical error that was properly corrected by the trial court upon its exercise of continuing jurisdiction to issue the March 16, 1998 nunc pro tunc entry. As explained in *Parker III*:

> The September 24, 1996 sentencing entry accurately sets forth the jury's verdicts finding Parker guilty on Count 1, aggravated murder, and Count 2, aggravated robbery. The sentencing court failed to note in this sentencing entry that Count 1 of the indictment, aggravated murder by prior calculation and design, was dismissed prior to submission of the case to the jury and the remaining charges renumbered to Counts 1 and 2. This omission was a clerical error subject to correction by a nunc pro tunc entry. The January 22, 1998 nunc pro tunc entry mistakenly stated that Count 2, rather than Count 1, of the indictment had been dismissed. Accordingly, the March 16, 1998 nunc pro tunc entry amended the January 22, 1998 entry, correcting the record to state the truth that Count 1 of the indictment had been dismissed, the aggravated murder charge in Count 2 was renumbered to Count 1, and the aggravated robbery charge in Count 3 was renumbered to Count 2 prior to submission of the case to the jury.

*Parker III*, 10th Dist. Franklin No. 18AP-137, 2018-Ohio-4296, at ¶ 22.

**{¶ 28}** Consistent with *Parker III,* we find the sentencing court exercised its inherent authority to correct each clerical error to make the record reflect what had actually occurred in the case.

**{¶ 29}** Based on the foregoing, we find the trial court did not err in denying Parker's motion to vacate the March 16, 1998 nunc pro tunc journal entry. Parker's first assignment of error is overruled.

### B. Validity of Convictions and Sentence

**{¶ 30}** In his second assignment of error, Parker argues his conviction and sentence for aggravated murder is void where the predicate aggravated robbery offense was dismissed. As previously discussed, the record clearly reflects that Parker was found guilty of the aggravated robbery offense as charged in the indictment. The only offense dismissed in this matter was the aggravated murder offense originally charged in Count 1 of the indictment. Any confusion created by the renumbering of the counts of the indictment was clarified by the court's March 16, 1998 nunc pro tunc journal entry.

**{¶ 31}** Parker's second assignment of error is overruled.

### C. Sufficiency of the Indictment

**{¶ 32}** In his third assignment of error, Parker argues his convictions and sentence are void for lack of subject matter because his indictment is "fatally insufficient." Parker contends the indictment failed to provide "factual notice of what constituted the predicate offense of aggravated robbery."

{¶ 33} Contrary to Parker's position on appeal, a defective indictment renders the charge voidable, not void. *State v. Nelms,* 5th Dist. Delaware No. 20 CAA 03 0018, 2020-Ohio-6845, ¶ 22, citing *State v. Haley*, 2d Dist. Greene Nos. 94-CA-89, 94-CA-108 and 94-CA-109, 1995 Ohio App. LEXIS 2987, * 15 (July 7, 1995). "The error does not deprive the trial court of subject-matter jurisdiction." *Id. See also State v. Pondexter*, 8th Dist. Cuyahoga No. 108940, 2020-Ohio-1290, ¶ 21 (S. Gallagher, J., concurring in judgment only) ("it is well settled that arguments challenging the sufficiency or validity of an indictment are 'nonjurisdictional in nature' and therefore should be raised in the direct appeal of a criminal conviction.").

{¶ 34} Thus, whether Parker's indictment is defective is an issue that should have been raised on direct appeal. Parker did not challenge the sufficiency of his indictment before his trial or on direct appeal. Therefore, res judicata bars his attempt to raise the issue approximately 24 years after his conviction. *See State v. Williamson*, 8th Dist. Cuyahoga No. 109463, 2020-Ohio-6996, ¶ 7, citing *State v. Tucker*, 2d Dist. Montgomery No. 23408, 2010-Ohio-2642, ¶ 6.

{¶ 35} Parker's third assignment of error is overruled.

{¶ 36} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR