[Cite as *State v. Parker*, 2021-Ohio-1090.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,

      Plaintiff-Appellee,      :

                            No. 109950

      v.                     :

DONELL PARKER,           :

      Defendant-Appellant.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 1, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-96-337574-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Donell Parker, *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Donell Parker ("Parker"), who is serving a life sentence, appeals the trial court's denial of his delayed motion to quash the indictment, dated April 16, 1996. For the reasons set forth below, we affirm.

## Procedural and Factual History

**{¶ 2}** We have previously set forth the facts surrounding Parker's convictions in *State v. Parker*, 8th Dist. Cuyahoga No. 71474, 1998 Ohio App. LEXIS 1507 (Apr. 9, 1998) ("*Parker I*"). Parker has spent many years litigating his convictions, but for judicial clarity, the facts relevant to this appeal are briefly summarized as follows.

**{¶ 3}** Parker's convictions resulted from an incident that occurred on April 24, 1987, in the vicinity of W. 76th Street and Lorain Road in Cleveland. On that date, a young male assailant shot the victim, Robert Letson ("Letson"), as Letson waited in his car for his two female companions to come out of their sister's apartment. Letson later died from his wounds.

**{¶ 4}** Although the assailant had been seen running into a residence located on Lorain Road, no one there whom the police interviewed during the investigation of the murder informed the officers that Parker also lived at that address. Parker's identity remained unknown until December 1995, when his mother contacted the police and informed them that her son had confessed to her, soon after the incident, that he "robbed a man who was sitting in a car" and then "shot him." Parker's mother indicated that she had protected him for almost nine years, but decided to come forward after Parker assaulted her and threatened to kill her. Based on this new information, the detectives were able to assemble other evidence that tied Parker to the shooting.

{¶ 5} On February 1, 1996, a juvenile court complaint was issued against Parker charging him with delinquency in connection with Letson's shooting death. Parker, who was 26 years old when the charges were issued, was subsequently bound over to the general division of the court. On April 16, 1996, Parker was named in a three-count indictment, charging him with one count of aggravated murder by prior calculation and design, with felony murder and firearm specifications; one count of aggravated murder in connection with aggravated robbery, with felony murder and firearm specifications; and one count of aggravated robbery, with a firearm specification. Parker pleaded not guilty to the charges, and the matter proceeded to a jury trial on August 12, 1996.

{¶ 6} Prior to submitting the case to the jury, the state dismissed the charge of aggravated murder by prior calculation and design, with felony murder and firearm specifications and the remaining counts were renumbered. The jury found Parker guilty of the remaining charges of aggravated murder and aggravated robbery. In September 1996, the trial court imposed a sentence of three years for each firearm specification, to be served consecutively with consecutive terms of 30 years to life for aggravated murder and 10 to 25 years for aggravated robbery.

{¶ 7} In *Parker I*, we affirmed Parker's convictions, and the Ohio Supreme Court subsequently declined to accept Parker's appeal from that decision. *State v. Parker*, 82 Ohio St.3d 1480, 696 N.E.2d 1087 (1998). Thereafter, Parker sought to reopen his appeal, but in *State v. Parker*, 8th Dist. Cuyahoga No. 71474, 1998 Ohio App. LEXIS 4094 (Aug. 27, 1998), we declined to grant his application. Again, the

Supreme Court did not accept Parker's appeal from our decision. *State v. Parker*, 84 Ohio St.3d 1427, 702 N.E.2d 903 (1998).

{¶ 8} On August 4, 2008, Parker filed a motion to vacate his sentence, arguing the indictment was fatally defective because it did not allege a culpable mental state for the offense of aggravated robbery. The trial court denied the motion to vacate, and Parker did not appeal the trial court's judgment. In December 2008, Parker, represented by new counsel, filed a motion for a new trial based upon newly discovered evidence. The trial court denied the motion and Parker appealed. In *State v. Parker*, 8th Dist. Cuyahoga No. 96941, 2012-Ohio-362 ("*Parker II*"), we affirmed the trial court's judgment.

{¶ 9} On July 24, 2017, Parker requested a hearing with the Ohio Adult Parole Authority (the "APA"). The APA forwarded Parker's request for a parole hearing to the Bureau of Sentence Computation (the "BOSC"). The BOSC confirmed the status of Parker's conviction and indicated that his first parole hearing date was scheduled for August 15, 2036. The BOSC further explained that Parker was serving a prison sentence of 30 years to life for aggravated murder, consecutive to 10-to-25 years for aggravated robbery plus a 3-year firearm specification.

{¶ 10} In response to the BOSC's determination, Parker filed a complaint in the Franklin County Court of Common Pleas against the chairperson of the APA and the chief of records for the BOSC. On February 1, 2018, the Franklin County trial court issued an order dismissing the case for failure to state a claim. In *Parker v. Mausser*, 10th Dist. Franklin No. 18AP-137, 2018-Ohio-4296 ("*Parker III*"), the

Tenth District Court of Appeals affirmed the decision of the Franklin County trial court.

{¶ 11} On August 11, 2020, Parker filed a delayed motion to quash the indictment. In the motion, Parker argued that the indictment failed to allege who the defendant was, as required by R.C. 2941.03 (C) and Crim.R. 7(B). Parker also argued the indictment failed to allege that the charged offenses were committed within the jurisdiction of the court, as required by R.C. 2941.03(D). On August 13, 2020, the trial court denied the motion.

{¶ 12} Parker now appeals, assigning the following two errors for review:

### Assignment of Error One

The trial court erred in the denial of Parker's delayed motion to quash the indictment, for cause of lack of subject matter jurisdiction where the faulty attempted indictment fails to designate parties to a lawsuit in the title of action and fails to name Parker as the accused in the statement charging an offense, pursuant to R.C. 2941.03(C) and Crim.R. 7(B).

### Assignment of Error Two

The trial court erred in denial of Parker's delayed motion to quash the indictment, for cause of lack of subject matter jurisdiction where faulty attempted indictment fails to comply with R.C. 2941.03(D). *State v. Luna*, 96 Ohio App.3d 207.

### Law and Analysis

{¶ 13} We will address both assignments of error together, because of their common basis in fact and law.

{¶ 14} Initially, we note, in a separate appeal, which immediately preceded the instant appeal, Parker attacked the indictment as "fatally insufficient." *State v.*

*Parker*, 8th Dist. Cuyahoga No. 109804, 2021-Ohio-509 ("*Parker IV*"). In *Parker IV*, in overruling his contention, we stated:

> Contrary to Parker's position on appeal, a defective indictment renders the charge voidable, not void. *State v. Nelms*, 5th Dist. Delaware No. 20 CAA 03 0018, 2020-Ohio-6845, ¶ 22, citing *State v. Haley*, 2d Dist. Greene Nos. 94-CA-89, 94-CA-108 and 94-CA-109, 1995 Ohio App. LEXIS 2987, * 15 (July 7, 1995). "The error does not deprive the trial court of subject-matter jurisdiction." *Id. See also State v. Pondexter*, 8th Dist. Cuyahoga No. 108940, 2020-Ohio-1290, ¶ 21 (S. Gallagher, J., concurring in judgment only) ("it is well settled that arguments challenging the sufficiency or validity of an indictment are 'nonjurisdictional in nature' and therefore should be raised in the direct appeal of a criminal conviction.").

> Thus, whether Parker's indictment is defective is an issue that should have been raised on direct appeal. Parker did not challenge the sufficiency of his indictment before his trial or on direct appeal. Therefore, res judicata bars his attempt to raise the issue approximately 24 years after his conviction. *See State v. Williamson*, 8th Dist. Cuyahoga No. 109463, 2020-Ohio-6996, ¶ 7, citing *State v. Tucker*, 2d Dist. Montgomery No. 23408, 2010-Ohio-2642, ¶ 6.

{¶ 15} Again, because of Parker's failure to challenge the sufficiency of his indictment, prior to trial or on direct appeal, the instant appeal suffers the same fate as the preceding appeal and is now barred by res judicata. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶ 16} The purpose of res judicata is to promote the principle of finality of judgments by requiring parties to present every ground for relief in the first action. *State v. Young*, 8th Dist. Cuyahoga No. 108790, 2020-Ohio-577, citing *State v.*

*Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1987).

**{¶ 17}** Further, res judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated. *Id.*, citing *Sneed* at ¶ 16. Consequently, any attempt by Parker to relitigate the same issue is barred.

**{¶ 18}** Accordingly, we overrule both assignments of error.

**{¶ 19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR